# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

TROY DEWYON DREW,

  Petitioner,

v.                                      Civil Action No. 3:20CV670–HEH

COMMONWEALTH OF VIRGINIA,

  Respondent.

## MEMORANDUM OPINION
### (Dismissing Without Prejudice § 2254 Petition)

Petitioner, a Virginia inmate proceeding pro se, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner's § 2254 Petition fails to indicate that he has presented his claim to the Supreme Court of Virginia by direct appeal or in a collateral proceeding. Rather, it does not appear Petitioner has ever raised his claim in the state courts.

Accordingly, by Memorandum Order entered on September 8, 2020, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause why the Court should not dismiss his § 2254 Petition for lack of exhaustion. Petitioner has responded with a document entitled, "MOTION FOR SHOW CAUSE FOR

EXHAUSTION." (ECF No. 4.) Petitioner asks the Court to "stay" his § 2254 petition without any further explanation and then recites law indicating that this Court has jurisdiction. Petitioner also attaches the Supreme Court of Virginia's denial of a Petition For Writ of Mandamus he filed against Ralph S. Northam (ECF No. 4–1), but he fails to identify the significance of this submission. Petitioner bears the burden of demonstrating exhaustion which he has failed to do here. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994); *cf. Durkin v. Davis,* 538 F.2d 1037, 1042 (4th Cir. 1976) (concluding that petitioner had not fairly presented his claim for jail credit by filing a petition for a writ of mandamus). In sum, Petitioner fails to establish that he has presented his claim to any state court, much less the Supreme Court of Virginia. Accordingly, the action will be dismissed without prejudice. Petitioner may file his § 2254 petition after he has exhausted his state remedies.

    An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept. 30, 2020
Richmond, Virginia